## Case No. 2,126.

### BULLINGER v. MACKEY.

[14 Blatchf. 355.] [1]

Circuit Court, E. D. New York. Nov. 15, 1877.

PRACTICE IN EQUITY—PLEADING — REPLY AFTER DISMISSAL OF BILL.

A suit in equity was heard on bill and answer, and the bill was dismissed. The plaintiff afterwards, before a final decree was entered, asked to be allowed to file a general replication and take testimony, offering to pay the accrued costs. No mistake or inadvertence was suggested. Held, that the motion must be denied.

[In equity. Bill by Edwin W. Bullinger against Joseph Mackey to restrain infringe-

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

ment of a copyright. After a hearing on bill and answer, the bill was dismissed, and plaintiff moved for leave to file a replication and take testimony. Motion denied.]

Oliver Wells and Thomas William Clarke, for plaintiff.
George W. Lord, for defendant.

BENEDICT, District Judge. This case comes before the court upon a motion, on the part of the plaintiff, to be allowed to file a replication and take proofs, after a hearing had upon bill and answer. The action is brought to protect a copyright which the plaintiff asserts in a certain weekly business journal, called "The Counting House Monitor," which copyright he alleges the defendant has infringed by issuing certain publications known as "The A. B. C. Guide." The cause was brought to a hearing by the plaintiff upon bill and answer, when it appeared, and was held by the court, that the answer contained a sufficient denial of the authorship of the work set forth in the bill as copyrighted. Accordingly, the bill was dismissed. Before the entry of a final decree dismissing the bill, the plaintiff presents his petition to be allowed to file a general replication and take testimony, offering to pay the costs of the cause up to this time. This petition is supported by an affidavit of the plaintiff, that he is able to prove the allegations of his bill. No other facts are relied on to support the application, and the sole reason assigned for the application is, that, inasmuch as this action has been commenced and the answer filed, if it is allowed to proceed, the necessity of bringing another action, for the purpose of obtaining a decision upon the validity of the plaintiff's copyright and its infringement by publications which the defendant continues to issue, will be avoided. I do not think the reason sufficient. The plaintiff, with his eyes open, deliberately elected to try the cause upon bill and answer. No mistake or inadvertence is suggested. The plaintiff selected his time and mode of trial, and put the defendant to the expense of a hearing, to reimburse which the meagre costs allowed by the laws of the United States are wholly inadequate. If the decree rendered upon the hearing so had is of any benefit to the defendant, I see no reason why he should now be deprived of such benefit. Certainly, the plaintiff cannot ask that the result of a trial procured by him, and which has put the defendant to cost, should now be set aside, to the detriment of the defendant. On the other hand, if no benefit can accrue to the defendant from the decree that has been rendered, it is not seen what injury can result to the plaintiff by allowing the decree to stand. The motion is denied.

[See Case No. 2,127, following.]